UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS LANE                                    CIVIL ACTION

VERSUS                                         NO. 25-103

BAYWOOD HOTELS, INC., *et al.*                 SECTION M (4)


## ORDER & REASONS

Before the Court is a motion to dismiss plaintiff's negligent-infliction-of-emotional-distress claim for failure to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Baywood Hotels, Inc. ("Baywood") and 501EFA Hotel, LLC ("501EFA") (together, "Movants").[1] Plaintiff Thomas Lane responds in opposition,[2] and Movants reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I.    BACKGROUND

This disability discrimination case arises out of Lane's experience at the Hampton Inn by Hilton New Orleans French Quarter Market Area (the "Hotel") in March 2024.[4] According to the complaint, "Lane is a qualified individual with a disability" under the Americans with Disabilities Act (the "ADA") and the Louisiana Commission on Human Rights (the "LCHR"), and requires "guide/service dog attention."[5] Lane alleges that, when he checked into the Hotel, he was required "to pay an additional fee for his service dog and to sign in his service dog."[6] He also alleges that,

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 16.
[4] R. Doc. 21 at 3. Lane alleges that Movants own and manage the Hotel. *Id.* at 2.
[5] *Id.*
[6] *Id.* at 3.

the following morning, he was "accosted" by a Hotel employee "regarding his service dog" in the Hotel's breakfast area, and that "the employee continued to yell at and berate" Lane even after he explained that the dog was a service animal.[7]  Lane further alleges that he "was told [a manager] would not be present for some time" when he asked to speak with one after this incident, and that he received no response when at checkout he "reiterated his concerns about how he and his service dog were treated."[8]  Lane lastly alleges that "a claim was opened" by defendant Hilton Franchise Holding, LLC ("Hilton Franchise") six days later, and, although written statements were taken from Hotel employees, "all camera footage" of the alleged events was destroyed.[9]

Lane brought this suit against Hilton Hotel Employer LLC ("Hilton Employer"), Baywood, and 501EFA in state court in November 2024.[10]  It was removed to this Court in January 2025.[11] On March 25, 2025, Lane filed an unopposed motion for leave to file a second amended complaint substituting two new defendants, Hilton Worldwide Holdings, Inc. and Hilton Franchise, for Hilton Employer,[12] which the Court granted,[13] making the second amended complaint the operative complaint.[14]  Lane asserts claims for discrimination under the LCHR, La. R.S. 51:2231-2241, and the ADA, 42 U.S.C. §§ 12101-12265, and seeks compensatory damages, injunctive relief, costs and fees, and damages for negligent infliction of emotional distress.[15]  Movants now seek dismissal of Lane's negligent-infliction-of-emotional-distress claim.[16]

---

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3-4.

[10] R. Doc. 1-2.

[11] R. Doc. 1.

[12] R. Doc. 18.

[13] R. Doc. 20.

[14] R. Doc. 21.  At the time the instant motion was filed, the first amended complaint (R. Doc. 7) was the operative complaint.  However, the underlying factual allegations in the second amended complaint are identical to those in the first amended complaint.  *Compare* R. Doc. 7 at 2-3, *with* R. Doc. 21 at 3-4.

[15] R. Doc. 21 at 5-6.

[16] R. Doc. 9.

## II.    PENDING MOTION

In their motion to dismiss, Movants argue that Lane has failed to state a claim for negligent infliction of emotional distress under Louisiana law.  Movants argue that "Lane's allegations do not fit within any of [*Moresi*'s] recognized categories"[17] permitting the recovery of such damages, but rather, "more closely describe a routine customer service issue."[18]  Movants further argue that Lane's alleged emotional distress does not arise from special circumstances and, even if it did, "his claims of embarrassment and distress amount to mere inconvenience and generalized allegations, which are insufficient to establish [the] serious emotional distress needed to allege [the] cause of action."[19]

In his opposition, Lane argues that the allegations in the complaint are sufficient to support a claim for negligent infliction of emotional distress at the pleading stage.  Lane first argues that he has alleged sufficient facts to support a negligence claim because the complaint alleges that defendants owed Lane a statutory duty under the ADA and LCHR,[20] that defendants breached their statutory duty of care to Lane,[21] that Lane would not have suffered emotional distress but for the conduct of the hotel staff,[22] that his emotional harm fell within the scope of the defendants' duty,[23] and "that he suffered actual damages in the form of extreme emotional distress."[24]  Lane then argues that he has sufficiently alleged "special circumstances" permitting recovery of emotional-distress damages because "[t]here is a very strong and obvious likelihood that a disabled individual, such as Mr. Lane, would suffer genuine and severe mental distress if discriminated

---

[17] R. Doc. 9-1 at 4 (discussing *Moresi v. State through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990)).
[18] *Id.*
[19] *Id.* at 5.
[20] R. Doc. 11 at 5-6.
[21] *Id.* at 6-7.
[22] *Id.* at 7.
[23] *Id.* at 8.
[24] *Id.* at 8-9.

3

against, as contemplated by the ADA and LCHR[,] especially … when the discrimination is repetitive, aggressive, and on complete public display."[25]  Lastly, Lane asserts  that "this Court has denied similar [m]otions to [d]ismiss."[26]

In their reply, Movants argue that Lane's opposition "fails to articulate how his allegations fit within the limited framework of *Moresi*."[27]  Movants repeat their arguments that, "at most, Lane's allegations pertain to a customer service dispute" and that Lane's "assertions of 'embarrassment' and 'great distress' [are] far too vague and insufficient to meet Louisiana's strict [negligent-infliction-of-emotional-distress] standard."[28]  Movants then argue that Lane's opposition "selectively omits critical language from *Collett* that clarifies the high threshold required for [such] claims,"[29] and that the facts of *St. Martin's* are distinguishable from the facts alleged in Lane's complaint.[30]

## III.    LAW & ANALYSIS

### A.  Legal Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

---

[25] *Id.* at 9.

[26] *Id.* (citing *E.R. v. St. Martin's Episcopal Sch.*, 2022 WL 558168, at *4 (E.D. La. Feb. 24, 2022) (Lemmon, J.)).

[27] R. Doc. 16 at 2.

[28] *Id.* (alteration omitted).

[29] *Id.* (discussing *Collett v. Weyerhaeuser Co.*, 2021 WL 5411330, at *4 (E.D. La. May 7, 2021), *aff'd*, 2022 WL 2387352 (5th Cir. July 1, 2022)).

[30] *Id.* at 3-4.

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

5

they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**B. Analysis**

Louisiana does not recognize an independent tort of negligent infliction of emotional distress. *Collett*, 2021 WL 2579801, at *5. It subscribes to "'the general rule followed by the great majority of jurisdictions [that] if the defendant's conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences,

the defendant is not liable for such emotional disturbance.'" *St. Martin's*, 2022 WL 558168, at *4

(quoting *Moresi*, 567 So. 2d at 1095). "[H]owever, it is now well-established that [a] plaintiff may

recover for negligent infliction of emotional distress unaccompanied by physical injury in certain

situations." *Collett*, 2021 WL 2579801, at *5. The Louisiana supreme court recently reviewed its

jurisprudence on these types of claims and clarified the requirements for recovery:

> [F]or negligent infliction of emotional distress claims absent physical damage/
> injury, a plaintiff must prove "the especial likelihood of genuine and serious mental
> distress, arising from the special circumstances, which serves as a guarantee that
> the claim is not spurious." This rule must be "stringently applied" in cases that are
> inherently speculative in nature. The actions of the defendant must constitute
> negligence. The plaintiff's mental disturbance must be "serious." Evidence of
> generalized fear or evidence of mere inconvenience is insufficient. Evidence of
> medical treatment is not required, nor is expert medical testimony; however, a
> plaintiff bears the burden of presenting sufficient evidence of the nature and extent
> of the mental anguish suffered that was caused by the defendant's conduct.
> Whether the mental distress is "serious" is a matter of proof. Finally, we reiterate
> that these guidelines must be applied with the policy considerations discussed
> herein.
>
> In reaching our conclusion, we further elaborate on what is not required to be
> proven by a plaintiff seeking damages for negligent infliction of emotional distress
> absent physical damage/injury. The existence of a special, direct duty owed by the
> defendant is not required. We also decline to impose a requirement of outrageous
> conduct on the part of a defendant. A claim for negligent infliction of emotional
> distress is a claim that, by definition, requires a plaintiff to prove negligence.
> Further, we expressly reject application of the standard set forth in *Lejeune*. The
> emotional distress suffered by a plaintiff need not be "reasonably foreseeable," nor
> "severe and debilitating."

*Spencer v. Valero Ref. Meraux, L.L.C.*, 356 So. 3d 936, 950 (La. 2023) (internal citations and

footnote omitted) (referencing *Lejeune v. Rayne Branch Hosp.*, 556 So. 2d 559 (La. 1990)).

### 1.  Lane's complaint states a claim for negligence under Article 2315.

Movants do not contest that Lane has satisfied the pleading requirements for a negligence

claim under Louisiana Civil Code article 2315, but instead focus on whether Lane's allegations

adequately support a claim for negligent infliction of emotional distress.[31]  However, because "[a]
claim for negligent infliction of emotional distress is a claim that, by definition, requires a plaintiff
to prove negligence," *id.*, as a prerequisite to stating a claim for negligent infliction of emotional
distress, Lane must first state a claim for negligence.  To succeed on a claim under article 2315,
Louisiana's general negligence law, a plaintiff must prove each of five elements:

> "(1) the defendant had a duty to conform his or her conduct to a specific standard
> of care; (2) the defendant failed to conform his or her conduct to the appropriate
> standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the
> plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the
> plaintiff's injuries; and (5) actual damages."

*Collett*, 2021 WL 2579801, at *5 (quoting *S.J. v. Lafayette Par. Sch. Bd.*, 41 So. 3d 1119, 1125
(La. 2010)).

While Louisiana law "does not recognize the negligence *per se* doctrine," *Pellerin v. Foster
Farms, L.L.C.*, 354 So. 3d 790, 797 (La. App. 2023), statutory duties like those set out in the ADA
and LCHR can establish the duty of care in a negligence analysis.  *See, e.g., Merrell v. 1st Lake
Props., Inc.*, 717 F. Supp. 3d 512, 517 (E.D. La. 2024) ("The Fifth Circuit has recognized that
Louisiana law may look to federal statutory and regulatory schemes in delineating the scope of a
duty under the duty-risk analysis.").  "Both [the LCHR] and ADA Title III ban discrimination by
places of public accommodation."  *Smith v. France*, 850 F. App'x 243, 248-49 (5th Cir. 2021).  It
is clear that, as alleged owners and operators of the Hotel – a place of public accommodation under
both the ADA, *see* 42 U.S.C. § 12181(7)(A), and the LCHR, *see* La. R.S. 51:2232(10) – Movants
had a statutory duty not to discriminate against any individual "on the basis of disability in the full
and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations"

---

[31] *Id.* at 1 ("In opposing [Movants' m]otion to [d]ismiss, Lane, among other things, embarks on an extensive
negligence analysis under Article 2315 of the Louisiana Civil Code.  However, that analysis fails to establish how
Lane's allegations meet Louisiana's stringent requirements for a [negligent-infliction-of-emotional-distress] claim.").

offered by the Hotel.  42 U.S.C. § 12182(a); *see also* La. R.S. 51:2247.  Lane alleges that he has a qualifying disability under the ADA and LCHR,[32] and that Movants discriminated against him "by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Hotel" in violation of the ADA and LCHR.[33]  In doing so, Lane has alleged that he "fall[s] within the class of persons [the statutes] w[ere] intended to protect and [that] the harm complained of was of the kind which the statute[s] w[ere] intended, in general, to prevent." *Clomon v. Monroe City Sch. Bd.*, 572 So. 2d 571, 577 (La. 1990).  Lane further alleges that Movants' breach caused him damages in the form of embarrassment and "great distress."[34]  Therefore, for purposes of the instant motion to dismiss, Lane has sufficiently alleged that Movants violated the ADA and LCHR and thereby negligently breached their statutorily imposed duty to him.  *See George v. Hobby Lobby Stores, Inc.*, 2025 WL 721312, at *6 (E.D. La. Mar. 6, 2025).

### 2.  Lane must allege more than discrimination to state a claim for negligent infliction of emotional distress.

Because the alleged duty owed to Lane is established by the ADA and LCHR, the absence of a statutory violation would vitiate Lane's negligent-infliction-of-emotional-distress claim. *Adams v. United Ass'n of Journeyman & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Can., AFL-CIO, Loc. 198*, 2022 WL 266687, at *6 (M.D. La. Jan. 27, 2022) (holding that plaintiffs' claims for negligent infliction of emotional distress under Louisiana law cannot survive without first establishing the federal statutory violations to which they are tied).  But the inverse is not true.  An alleged violation of Movants' statutory duties is merely a prerequisite for Lane to state a claim for negligence; it is not sufficient to state a claim for negligent infliction of emotional distress.  Lane contends that "[t]here is a very strong and obvious likelihood that a disabled

---

[32] R. Doc. 21 at 2.
[33] *Id.* at 5.
[34] *Id.* at 3.

9

individual, such as Mr. Lane, would suffer genuine and severe mental distress if discriminated

against."[35]  While discriminatory conduct may inherently cause some harm, "not every occasion

that causes some harm yields concomitant liability and compensatory damages."  *Spencer*, 356 So.

3d at 949.  The Louisiana supreme court has adopted a fact-specific approach to determining the

viability of claims for negligent infliction of emotional distress.  *See id.* ("To be certain, no one

fact, or lack thereof, necessarily entitles a plaintiff to a recovery, nor does it preclude recovery.  A

trier of fact is to weigh all relevant facts of each case before it and give each due weight and

consideration.").  Thus, even if all of the alleged conduct violates the ADA or the LCHR, the

complaint must still contain specific factual allegations establishing that the alleged violations

occurred under "'special circumstances,'" giving rise to an "'especial likelihood of genuine and

serious mental distress.'"  *Id.* at 950 (quoting *Moresi*, 567 So. 2d at 1096).  The Court will not

assume that every violation of an antidiscrimination statute, without more, will permit recovery

for negligent infliction of emotional distress.[36]

### 3.  Lane states a claim for negligent infliction of emotional distress as to one, but not both, of his discrimination allegations.

Movants argue that "Lane's allegations do not fit within any of [the categories] recognized

[in *Moresi*]" and instead "more closely describe a routine customer service issue."[37]  As an initial

matter, the Court notes that recovery for negligent infliction of emotional distress is not limited to

cases that "fit within" the six specific factual situations identified in *Moresi*.[38]  The *Moresi* court

---

[35] R. Doc. 11 at 9.

[36] The Court rejects Lane's assertion that "Louisiana courts have recognized that mere discrimination against a disabled individual, without more, gives rise to negligent infliction of emotional distress damages, and specifically to defeat a Rule 12(b)(6) motion."  *Id.* at 1-2 (citing *St. Martin's*, 2022 WL 558168, at *4). The court in *St. Martin's* did not make such a sweeping holding; it instead considered the "set of facts" alleged by the plaintiff and whether they "support[ed] a likelihood of genuine mental distress caused by her circumstances."  2022 WL 558168, at *5.

[37] R. Doc. 9-1 at 4 (discussing *Moresi*, 567 So. 2d at 1096).

[38] The *Moresi* court identified several "deviations from the general rule" prohibiting recovery for negligent infliction of emotional distress absent physical injury or damage in Louisiana jurisprudence, including cases involving:

itself acknowledged that "[t]here may be other cases," so long as they, like the identified cases, involve "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Moresi*, 567 So. 2d at 1096. In the same year *Moresi* was decided, the Louisiana supreme court permitted recovery for negligent infliction of emotional distress in two additional types of cases: bystander cases, *Lejeune*, 556 So. 2d at 569, and cases where a defendant "violated a direct, special statutory duty to the plaintiff and thereby caused her to become an actual participant in an accident in special circumstances where mental anguish was clearly foreseeable." *Clomon*, 572 So. 2d at 586. In the decades since *Moresi* was decided, Louisiana courts have identified other situations that might give rise to an "especial likelihood of genuine and serious mental distress." *See, e.g., Bordelon v. St. Frances Cabrini Hosp.*, 640 So. 2d 476, 479 (La. App. 1994) (fear of contracting infectious disease due to hospital's failure to use the plaintiff's blood for transfusion as requested by the plaintiff); *Lester v. Exxon Mobil Corp*., 120 So. 3d 767 (La. App. 2013) (fear of developing cancer due to workplace exposure to radioactive material). And, importantly, just two years ago, the Louisiana supreme court reiterated the criteria first articulated in *Moresi* for negligent infliction of emotional distress claims – that such claims present "'the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious'" – and emphasized the fact-specific nature of this inquiry. *Spencer,* 356 So. 3d at 950 (quoting *Moresi*, 567 So. 2d at 1096). The *Spencer* court did not indicate that a claim

---

the negligent transmission of a message [by telegraph], especially one announcing death[;] the mishandling of corpses; failure to install, maintain or repair consumer products; failure to take photographs or develop film; negligent damage to one's property while the plaintiffs were present and saw their property damaged; and … for fright or nervous shock, where the plaintiff was actually in great fear for his personal safety.

567 So. 2d at 1096 (internal citations omitted). The Court noted that all these cases shared "in common the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.*

for negligent infliction of emotional distress must fall within the specific categories of cases identified in *Moresi. Id.*

Applying the standard set out in *Moresi* and *Spencer*, the Court agrees with defendants that, as to Lane's allegation that "[a]t check in, a Hotel employee informed Mr. Lane he would have to pay an additional fee for his service dog and to sign in his service dog,"[39] Lane has failed to allege the requisite special circumstances to state a claim for negligent infliction of emotional distress. Lane does not allege any facts supporting an inference that this conduct would have caused Lane "genuine and serious mental distress" or to support Lane's conclusory allegation that this employee acted in a "harsh and discriminatory"[40] manner or was even aware of Lane's disability or the dog's status as a service animal prior to this interaction. Thus, this allegation more closely resembles "a routine customer service issue"[41] that would cause "mere inconvenience" at worst. *Id.* However, Lane's allegation that, the next morning, another Hotel employee "accosted" and "berate[d]" him for having his service dog in the dining area[42] – considering that Lane has a disability requiring his use of a service animal – is more likely to give rise to "the especial likelihood of genuine and serious mental distress" necessary to survive a motion to dismiss.

Unlike being told to pay a fee or register an animal upon checking into a hotel, it is reasonably foreseeable that being accosted and berated in a public setting could cause the average person to experience some degree of mental distress – though that possibility on its own is insufficient. Here, however, Lane alleges that he has a disability requiring his use of a service animal; this is a special circumstance that could make him especially likely to experience genuine and serious mental distress in response to being publicly berated for having his service dog with

---

[39] R. Doc. 21 at 3.
[40] *Id.*
[41] R. Doc. 9-1 at 4.
[42] R. Doc. 21 at 3.

12

him.  Whether "a defendant knows that the plaintiff is particularly susceptible to emotional distress … is a factor to be considered in the equation of the 'special circumstances.'"  *Collett*, 2021 WL 2579801, at *5 (citing *Covington v. Howard*, 146 So. 3d 933, 940 (La. App. 2014)).  Lane alleges that "the employee continued to yell at and berate" him after he informed the employee that the dog was a service animal.[43]  If the Hotel employee knew that the dog was Lane's service animal, he knew or should have known that Lane would likely be particularly susceptible to emotional distress in response to being berated for having the dog with him – this employee's alleged conduct is "easily associated" with the emotional distress Lane claims that it caused.  *See Bordelon*, 640 So. 2d at 479 ("To evaluate [whether the resulting emotional distress was within the scope of the defendant's duty], a critical inquiry is whether there is an 'ease of association' of the harm to the wrongful act." (quoting *Roberts v. Benoit*, 605 So. 2d 1032, 1045 (La. 1991)).  Moreover, once the employee had knowledge that the dog was a service animal, the employee's alleged conduct potentially crossed the line from unnecessarily harsh enforcement of a hotel policy to overt disability discrimination in violation of Movants' "special, direct duty" to Lane under the ACA and LCHR.  *Clomon*, 572 So. 2d at 586.  If so, the issue then becomes a matter of proof.

While the Louisiana supreme court in *Spencer* explained that "a special, direct duty owed by the defendant is not *required*," 356 So. 3d at 950 (emphasis added), courts applying Louisiana law have considered the likelihood of mental distress posed by discrimination in declining to dismiss negligent-infliction-of-emotional-distress claims based on violations of the ADA and other antidiscrimination laws.  *See, e.g., St. Martin's*, 2022 WL 558168, at *5 (denying motion to dismiss negligent-infliction-of-emotional-distress claim where plaintiff, a disabled student, alleged that she "was denied a reasonable accommodation needed to pass her math class … because she is

---

[43] *Id.*

disabled," because "[a]rguably, the distress caused by this set of facts is at least on a footing as that occasioned by a failure to install, maintain or repair consumer products, a failure to take photographs or develop film, or witnessing negligent damage to one's property"); *Adams*, 2022 WL 266687, at *6 (denying motion for summary judgment aimed at a negligent-infliction-of-emotional-distress claim based on violations of the Louisiana Employment Discrimination Law and Title VII because "[t]hese situations 'all involve the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serve as a guarantee that the claim is not spurious'" (quoting *Molden v. Ga. Gulf Corp.*, 465 F. Supp. 2d 606, 614 (M.D. La. 2006)); *Barringer v. Robertson*, 2008 WL 4763539, at *2-3 (La. App. 2008) (reversing directed verdict dismissing negligent-infliction-of-emotional-distress claim because "[t]he record contain[ed] ample evidence for reasonable and fair-minded jurors in the exercise of impartial judgment to reach different conclusions on whether [the plaintiffs were] entitled to recover damages for negligent infliction of emotional distress based on [the defendant's allegedly discriminatory] conduct").

In short, while not every alleged violation of the ADA and LCHR will give rise to a negligent-infliction-of-emotional-distress claim, Lane has sufficiently alleged an "especial likelihood of genuine and serious mental distress" with respect to his allegation that a Hotel employee publicly berated him for having his service dog with him, given that this alleged "discrimination is [claimed to have been] repetitive, aggressive, and on complete public display."[44]

Movants argue, though, that Lane's "claims of embarrassment and distress amount to mere inconvenience and generalized allegations, which are insufficient to establish serious emotional distress."[45] But "[w]hether the mental distress is 'serious' is a matter of proof." *Spencer*, 356 So.

---

[44] R. Doc. 11 at 9.
[45] R. Doc. 9-1 at 5.

3d at 950.  Thus, at this motion-to-dismiss stage, Lane need only allege that he suffered "serious" emotional distress as a result of Movants' alleged negligent conduct.  *Id.*  The complaint alleges that the Hotel "employees' harsh and discriminatory actions … embarrassed Mr. Lane and caused him *great distress*."[46]  This is sufficient under the standard of review applicable at this stage of the proceeding to survive the instant motion to dismiss.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Baywood and 501EFA's motion to dismiss Lane's negligent-infliction-of-emotional-distress claim (R. Doc. 9) is GRANTED in part as to the allegations concerning checkin and DENIED in part as to the allegations concerning his treatment in the dining area.

New Orleans, Louisiana, this 7th day of April, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[46] R. Doc. 21 at 3 (emphasis added).